UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA S,[1]<br><br>    Plaintiff<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:21-cv-7194-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Veronica S. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs addressing disputed issues in the case [Dkt. 16 ("Pltf. Br."), Dkt. 18 ("Def. Br."), and Dkt. 19 ("Reply")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed applications for SSI and DIB, alleging disability as of August 15, 2018. [Dkt. 14, Administrative Record ("AR") 165-172.] Plaintiff's applications were denied at the initial level of review and on reconsideration. [AR 100-104, 107-108.] On August 17, 2020, a hearing was held before Administrative Law Judge Tom Duann ("the ALJ"). [AR 29-57.] On December 31, 2020, the ALJ issued an unfavorable decision. [AR 12-28.]

The ALJ applied the five-step sequential evaluation process to find Plaintiff not disabled. *See* 20 C.F.R. § 416.920(b)-(g)(1). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. [AR 17.] At step two, the ALJ found that Plaintiff suffered from severe impairments consisting of a depressive disorder and an anxiety disorder. [AR 17.] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations, ("the Listings"). [AR 18]. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations:

> [claimant is] unable to perform fast-paced production work; able to interact occasionally with coworkers and the public; able to adapt to occasional changes in the work setting; and able to engage in occasional work-related decision-making.

[AR 21.] Applying this RFC, the ALJ found that Plaintiff could not return to her past relevant work as an institution child attendant and children's tutor, but the ALJ determined that based on Plaintiff's age (38 years old) and high school education, she could perform representative occupations such as cleaner II, equipment cleaner,

1 and furniture cleaner. [AR 22-23.]

2 The Appeals Council denied review of the ALJ's decision on July 29, 2021.
3 [AR 1-9.] This action followed.

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

In her sole issue, Plaintiff contends the ALJ failed to properly consider her credibility. Specifically, Plaintiff argues that the ALJ did not provide a legally sufficient reason to reject her testimony and instead performed no credibility analysis at all. (Pltf.'s Br. at 5-7.). The Commissioner responds that while the ALJ primarily discounted Plaintiff's subjective complaints as inconsistent with the objective medical evidence, the ALJ also examined the inconsistencies between Plaintiff's "admitted activities" and "her symptom complaints" and that Plaintiff's symptoms "improved with treatment" as credibility considerations. (Def.'s Br. at 4-8). The Court disagrees with the Commissioner and finds that reversal is warranted.

**A. Relevant Law**

In evaluating a claimant's subjective symptom testimony, an ALJ must engage in a two-step analysis. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which "could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Bunnell*

*v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). And second, if the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives "specific, clear and convincing reasons" for the rejection. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "At the same time, the ALJ is not required to believe every allegation of [symptoms], or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation and internal quotations omitted).

"The ALJ may consider many factors in weighing a claimant's credibility, including (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition." *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if she "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina*, 674 F.3d at 1115 (internal citation and quotations omitted).

### B. Plaintiff's Subjective Symptom Testimony

At the administrative hearing, Plaintiff testified that she is unable to work due to anxiety. [AR 41.] For several months. Plaintiff's anxiety prevented her from leaving her home or driving in a car. [AR 41.] To alleviate her anxiety and panic attacks, Plaintiff takes "strong medication" which makes her drowsy. [AR 41.] Her medication has helped alleviate her panic attacks, which are "infrequent now," but she still experiences panic attacks when she is not at home. [AR 43.]

### C. The ALJ's Findings and Conclusions

The ALJ made the following findings as to the RFC and credibility

4

determination overall:

> After careful consideration of the evidence, the undersigned finds that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not "entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision.
>
> The undersigned has translated the broad areas of mental functioning limitations as described in the above "paragraph B" criteria analysis into the specific function-by-function work restrictions as set forth in the residual functional capacity described herein. Notably, at a minimum, the record does not document any psychiatric hospitalizations.
>
> Additionally, while the claimant testified that she often has medication side effects, including sleepiness, dizziness, and lethargy, treatment records nonetheless refer only fleetingly to such complaints. Notably, October 2019 treatment records relate her allegation of decreased drowsiness with her medication, and April 2020 treatment records show that she alleges decreased fatigue, albeit with a tendency to doze, off and on.
>
> In consideration of the overall record, including the claimant's subjective complaints, she is therefore found to have had a residual functional capacity, including prophylactic restrictions, as follows: unable to perform fast-paced production work; able to interact occasionally with coworkers and the public; able to adapt to occasional changes in the work setting; and able to engage in occasional work-related decision making.

[AR 21-22.]

**D. Analysis**

Having carefully reviewed the record, the Court finds that the ALJ offered only one reason for discounting Plaintiff's testimony: that the objective medical evidence does not support Plaintiff's allegations of disabling limitations. [AR 22.] As seen above, the ALJ vaguely concluded that Plaintiff's subjective complaints were not credible to the extent they conflicted with the ALJ's "specific function-by-

function work restrictions" set forth in the residual functional capacity assessment. [AR 22.] The ALJ offered only one reason to support that conclusion: "the record does not document any psychiatric hospitalizations." [AR 22.] Thus, construed broadly, the ALJ asserts that the objective medical evidence (the lack of psychiatric hospitalizations) does not support Plaintiff's allegations of disabling symptoms. [AR 21-22.]

Defendant argues that the ALJ discussed two other valid reasons for rejecting Plaintiff's credibility. Pointing to the "paragraph B[2]" mental function analysis at step three of the sequential evaluation, Defendant argues that the ALJ also found (1) "[that] Plaintiff's symptoms improved with treatment" and (2) that Plaintiff's admitted daily activities were inconsistent with the severity of her alleged limitations. (Def.'s Br. at 4-8.) At step three, the ALJ found that Plaintiff only has a moderate limitation in her ability to interact with others because despite her claims that "she rarely leaves the house," Plaintiff admittedly volunteers three times a week at her son's school, and she has begun to inquire about possibly working at a local coffee shop or restaurant. [AR 19.] Additionally, June, August, and October 2019 treatment records demonstrate that Plaintiff's anxiety has been improving. [AR 19.] Defendant asserts that the ALJ permissibly rejected Plaintiff's credibility for those reasons because improvement with treatment and inconsistency between Plaintiff's

---

[2] Paragraph B contains four functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. See 20 C.F.R. Pt. 404, Subpt. P, App'x 1 §§ 12.00(C). An ALJ uses the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). An ALJ rates a claimant's degree of limitation in the first three areas, using the terminology: "none," "mild," "moderate," "marked," or "extreme." *Id*. at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App'x 1 §§ 12.02, 12.06.

activities and her alleged limitations are legally valid reasons to discredit Plaintiff's subjective testimony. While the Court agrees that improvement with medication (see *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) and an inconsistency between a claimant's testimony and her conduct may support an ALJ's rejection of a claimant's credibility (see *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002)), the Court is not persuaded that the ALJ's discussion of the Paragraph B criteria at step three of the sequential evaluation satisfied the ALJ's obligation to specify the basis for rejecting Plaintiff's credibility in this case for several reasons.

First, when the ALJ identified Plaintiff's volunteer work and her musings about returning to work, the ALJ was considering whether Plaintiff had a limitation in her ability to "interact with others" for purposes of determining whether her impairments met or equaled a listing (AR 19)—not evaluating Plaintiff's specific activities of daily living as typically used in a credibility analysis which reviews "activities of daily living" in relation to specific testimony. Many Courts have recognized that an ALJ's citations at step three are essentially findings relating to the listing determination concerning rudimentary abilities to even obtain medical care and present oneself at a doctor to receive help— which is not the same inquiry as whether Plaintiff's testimony is credible. *See, e.g., Garcia v. Comm'r of Soc. Sec.*, No. 1:21-cv-00068-SAB, 2022 U.S. Dist. LEXIS 104073, 2022 WL 2110709 (E.D. Cal. June 9, 2022) (rejecting Commissioner's argument that the ALJ properly incorporated "paragraph B" criteria into the credibility analysis); *Gardner v. Colvin*, No. EDCV 13-1272 JC, 2014 U.S. Dist. LEXIS 8721, 2014 WL 255621, at *4 (C.D. Cal. Jan. 23, 2014) (stating the court was "not persuaded that the foregoing finding by the ALJ satisfied the ALJ's obligation to specify the basis for rejecting plaintiff's credibility in this case [as] [t]he ALJ identified the foregoing mild limitation in plaintiff's mental abilities when considering the 'paragraph B Criteria' used to determine the severity of plaintiff's mental impairments at step two . . . not when evaluating plaintiff's credibility in connection with the ALJ's residual functional

7

capacity assessment at step four."); *Cohoon v. Astrue*, 2011 WL 3841568, at *6 (D. Or. Aug. 30, 2011) (rejecting the argument that the ALJ's findings concerning the Paragraph B criteria at Step 2 and 3 were part of the subsequent assessment of plaintiff's credibility which is done as part of arriving at an RFC); *see also* SSR 96–8P, at *4 ("[L]imitations identified in the 'paragraph B' ... criteria are not [a residual functional capacity] assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.").

While Defendant insists that the discussion of the paragraph B criteria was properly incorporated into the rest of the opinion, as the ALJ's opinion itself indicates, the "limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process," and "[t]he mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment of the areas of mental functioning." [AR 21.]

Second, despite the ALJ's comments at step three that Plaintiff's "anxiety has been improving" and that an "October 2019 mental status examination shows that she presented with less anxiety," the ALJ never cited effective treatment as a reason to discount Plaintiff's subjective complaints. This Court may not affirm the ALJ's credibility determination based on reasons not articulated by the ALJ. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."). Further, while the ALJ made some observations about Plaintiff's success with treatment, the ALJ did not connect his findings at step three to his reasons for discounting Plaintiff's overall

symptom testimony. The purported improvement with medication identified by the ALJ is not analyzed—how or why this limited improvement was considered relevant for the purposes of credibility by the ALJ is not discussed. Further, the Ninth Circuit Court of Appeals has unequivocally stated that its "decisions make clear that we may not take a general finding—an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors—and comb the administrative record to find specific conflicts." *Burrell v. Colvin,* 775 F.3d 1133, 1138-39 (9th Cir. 2014*).*

For these reasons, the Court finds the ALJ's statements at step three cannot save the ALJ's failure to properly use Plaintiff's daily activities or improvement with treatment in the credibility analysis, and as such, the Court does not find the ALJ's reliance on these reasons to be a clear and convincing reasons supported by substantial evidence in the record for discounting Plaintiff's testimony. Accordingly, the Court finds that the ALJ failed to provide specific, clear and convincing reasons, apart from the lack of objective medical evidence, for discounting Plaintiff's subjective complaints.

## V.  CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* A remand

9

for an immediate award of benefits is appropriate "only in rare circumstances." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal citation omitted).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility that further administrative review could remedy the ALJ's errors. On remand, the Commissioner must re-evaluate Plaintiff's subjective symptom assertions and testimony properly, which in turn may lead to the formulation of a new RFC and the need for additional vocational expert testimony. The Court therefore declines to exercise its discretion to remand for an immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS ORDERED.**

DATED: August 23, 2022

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE